FILED

2017 APR 21 PM 12: 13

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF FLORIDA**

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

**ORLANDO DIVISION**

Heding Liu )
)
)
Plaintiff, )
)
v. ) Civ. No. 6:17-CV-717-ORL-18-DCI
)
LORI SCIALABBA, Director )
U.S. Citizenship and Immigration Services )
20 Massachusetts Avenue, N.W. )
Washington, DC 20529 )
)
JOHN F. KELLY, Secretary )
U.S. Department of Homeland Security )
245 Murray Lane, S.W. )
Washington, DC 20528 )
)
DAVID L. ROARK, Director )
U.S. Citizenship and Immigration Services )
Texas Service Center )
P.O. Box 851488 – Dept. A )
Mesquite, TX 75185 )
)
Defendants. )
____________________________________)

**COMPLAINT FOR MANDAMUS AND DECLARATORY JUDGMENT**

The Plaintiff, Heding Liu by counsel, complains of the Defendants, LORI SCIALABBA, Director, U.S. Citizenship and Immigration Services; JOHN F. KELLY, Secretary, U.S. Department of Homeland Security; and DAVID L. ROARK, Director, U.S. Citizenship and Immigration Services, Texas Service Center, as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485) without further delay.

2. The Plaintiff was granted asylum in the United States on September 4, 2012, and he properly filed an adjustment of status application with the Defendant U.S. Citizenship and Immigration Services ("USCIS") on October 17, 2013. The Plaintiff's application remains within the jurisdiction of the Defendants, who have improperly withheld action on the application for an unreasonable period of time, to the detriment of the Plaintiff.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Jurisdiction is further conferred by 8 U.S.C. § 1329 (jurisdiction of the district courts) and 28 U.S.C. § 1331 (federal subject matter jurisdiction).

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §§ 555(b) and 702, the Administrative Procedure Act ("APA"). The APA requires USCIS to carry out its duties within a reasonable time. 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). USCIS is subject to 5 U.S.C. § 555(b). *See Trudeau v. FTC*, 456 F.3d 178, 185 (D.C. Cir. 2006) (finding that district court has jurisdiction under the APA, in conjunction with 28 U.S.C. § 1331, to review plaintiff's complaint for declaratory and injunctive relief

against federal agency); *Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act „within a reasonable time," 5 U.S.C. § 555(b), and authorizes a reviewing court to „compel agency action ...unreasonably delayed," 5 U.S.C. § 706(1).").

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252, does not deprive this Court of jurisdiction. INA § 242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act[.]" As the present action does not seek review of a removal order, but is simply an action to compel USCIS to adjudicate the Plaintiff's unreasonably delayed application, this Court retains original mandamus jurisdiction under 28 U.S.C. § 1361. *See Liu v. Novak*, 509 F. Supp. 2d 1, 5 (D.D.C. 2007) ("[T]here is ... significant district court authority holding that [8 U.S.C.] § 1252(a)(2)(B)(ii) does not bar judicial review of the pace of application processing or the failure to take action.").

6. Furthermore, INA § 242(a)(2)(B) provides that no court shall have jurisdiction to review either (i) "any judgment regarding the granting of" various forms of relief from removal, or (ii) "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified ... to be in the discretion of the Attorney General or the Secretary of Homeland Security[.]" Because adjudication of a properly filed adjustment of status application is neither a judgment regarding the granting of relief from removal nor a decision or action that is specified to be in the discretion of the Attorney General or the Secretary of Homeland Security, the Court retains original mandamus jurisdiction over this claim. *See Liu*, 509 F. Supp. 2d at 9 (holding that "the Court does have jurisdiction over plaintiff's APA claim that

defendants have unreasonably delayed adjudicating his application" for adjustment of status); *see also Villa v. U.S. Dep't of Homeland Sec.*, 607 F. Supp. 2d 359, 366 (N.D.N.Y. 2009) ("[T]he Defendant has the discretionary power to grant or deny applications, but it does not have the discretion as to whether or not to decide at all."); *Aslam v. Mukasey*, 531 F. Supp. 2d 736, 739 (E.D. Va. 2008) ("[T]he Court retains jurisdiction under the APA to determine whether the Secretary [of Homeland Security] has unlawfully delayed or withheld final adjudication of a status adjustment application."). Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under obligation to perform in a timely manner. *See, e.g., Shahid Khan v. Scharfen*, 2009 U.S. Dist. LEXIS 28948 (N.D. Cal. Apr. 6, 2009); *Nigmadzhanov v. Mueller*, 550 F. Supp. 2d 540 (S.D.N.Y. 2008); *Jones v. Gonzales,* Slip Copy, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public.").

7. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 U.S.C. § 1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. § 245.6 (emphasis added). The regulations further provide that "the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the

denial." 8 C.F.R. § 245.2(a)(5)(i) (emphasis added). The language of the statute and the above- cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the applications for adjustment of status pending before them. *See Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see also First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable.

## III. VENUE

9. Venue is proper pursuant to 28 USC §1391(e)(3), which provides that a civil action against the United States or its agencies may be brought in any judicial district in which the plaintiff resides if no real property is involved. No real property is involved in the action, and Plaintiff resides in Orange County, Orlando, which is within this Court's judicial district.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty – the adjudication of his properly filed application to adjust status, which has been duly filed with USCIS. Defendants have unreasonably delayed and failed to adjudicate the Plaintiff's application for more than 3 years. The Plaintiff has no other adequate remedy available for the harm he seeks to redress the failure of USCIS to process his application to adjust status in a timely manner.

## V. PARTIES

11. The Plaintiff, Heding Liu resides in Orlando, Florida. He was born in Fujian, China in November 15, 1985 and is a citizen of China. His alien registration number is A 201-128-014.

12. The Defendants, LORI SCIALABBA, Director, USCIS; JOHN F. KELLY, Secretary, DHS; and DAVID L. ROARK, Director, USCIS Texas Service Center, are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to INA §§ 103 and 245, 8 U.S.C. §§ 1103 and 1255, and 8 C.F.R. §§ 245.2(a)(5)(i) and 245.6. USCIS received the Plaintiff's application for adjustment of status on October 17, 2013. USCIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. § 245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having jurisdiction over his place of residence).

## VI. FACTS AND PROCEDURAL HISTORY

13. The Plaintiff, Heding Liu was born in China in 1985 and came to the United States in 2012 without inspection. He was granted asylum status in the United States on September 4, 2012. He currently is self-employed works in the Mikado Japanese Restaurant. He is a law-abiding individual, has always paid his taxes, and has never been arrested, charged, or convicted of any crime.

14. Heding Liu filed his I-485 application for adjustment of status with USCIS on October 17, 2013, more than 3 years ago. The application is currently pending at the USCIS Texas Service Center. USCIS"s published case adjudication guidelines indicate that the agency is currently reviewing I-485 applications filed approximately on July 29, 2016; the adjudication of Plaintiff's adjustment application clearly extends far beyond USCIS"s normal processing timeframe. USCIS Texas Service Center Processing Dates,

available at https://egov.uscis.gov/cris/processingTimesDisplay.do (last visited April 15, 2017).

15. Heding Liu's adjustment application is based on his September 4, 2012 grant of asylum. *See* INA § 209(b), 8 U.S.C. § 1159(b).

16. Heding Liu has made numerous written, telephonic, congressional, and in-person status inquiries with USCIS over the past 4 years that his I-485 application has been pending, in April 2014, April 2015, July 2015, and June 2016, and he has repeatedly has been informed that his case remains unadjudicated due to uncompleted background or security checks. In October 2016, in response to a status inquiry from Senator Bill Nelson's office, Heding Liu was informed that his case is on hold because "the background check clearance is still pending".

17. The Defendant USCIS has unreasonably failed to issue a final decision on Plaintiff's application for adjustment of status. As more than 3 years have elapsed since the Plaintiff filed his application to adjust status, he requests that this Court instruct USCIS to release the case from hold and adjudicate the I-485 application without further delay.

## VII. CAUSE OF ACTION

18. The Plaintiff is entitled to adjust his status to lawful permanent resident pursuant to INA § 209, 8 U.S.C. § 1159. Under the APA, "A person suffering a legal wrong . . . or adversely affected or aggrieved by an agency action . . . is entitled to judicial review thereof." 5 USC §702. The reviewing court is thus permitted to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." Id. §706(2)(A). The

reviewing court "shall . . . compel agency action unlawfully withheld or unreasonably delayed." Id. §706(1).

19. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements. Notwithstanding, the Defendant USCIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for more than 3 years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

20. Because the lack of lawful permanent resident status, which makes him less appealing to prospective employers and also prevents him from obtaining security clearances required for certain positions. He has no other choice but start up a restaurant himself to support his family and two kids.

21. The Plaintiff's ability to travel out of the country has also been restricted, as he is required to renew his Refugee Travel Document annually before traveling abroad, for as long as his immigration status remains pending.

22. The Defendants' inaction in the Plaintiff's case has caused inordinate and unfair amounts of stress, expense, and hassle for the Plaintiff, who is entitled to a decision on his application to adjust status without further unreasonable delay.

## VIII. CLAIMS

23. A mandamus plaintiff must demonstrate that: (i) he or she has a clear right to the relief requested; (ii) the defendant has a clear duty to perform the act in question; and (iii) no other adequate remedy is available. *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002); *Citizens for Ethics and Responsibility in Wash. v. Cheney*, 593 F. Supp. 2d 194, 219 (D.D.C. 2009); *see also Liu*, 509 F. Supp. 2d at 10 (holding, in mandamus suit alleging unreasonable agency delay, that ""the statutory duty involved [in

such cases] ... does not specify what course of action shall be taken. Rather, regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"") (quoting *Sierra Club v. Thomas*, 828 F.3d 783, 794 (D.C. Cir. 1987)); *Aslam*, 531 F. Supp. 2d at 743 ("[T]he Court concludes that CIS has a legal obligation to adjudicate Aslam"s petition within a reasonable period of time."). The Plaintiff clearly meets all three of these criteria.

24. The Plaintiff has fully complied with all of the statutory and regulatory requirements for seeking adjustment of status, including submission of all necessary forms and supporting documents.

25. The Defendant USCIS has unreasonably failed to adjudicate the Plaintiff's application to adjust status for over 3 years, thereby depriving the Plaintiff of his rights under INA § 209, 8 U.S.C. § 1159. Pursuant to 5 U.S.C. §§ 555(b) and 702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

26. The Defendants owe the Plaintiff a duty to adjudicate his adjustment of status application, pursuant to the INA and its implementing regulations, and have unreasonably failed to perform that duty. *See, e.g., Northern States Power Co. v. U.S. Dep't of Energy*, 128 F.3d 754, 761 (D.C. Cir. 1997) (issuing writ of mandamus to preclude government defendant "from excusing its own delay" in complying with a clear statutory obligation). The Plaintiff has no alternative means to obtain adjudication of his I-485 adjustment application and his right to issuance of the writ is "clear and indisputable." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988); *see also Power*, 292 F.3d at 784; *Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus

is an appropriate remedy whenever a party demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same).

27. The Court's intervention is also appropriate because Defendants have failed to act within a reasonable period of time. *See, e.g., Sierra Club*, 828 F.3d at 794 (holding that regardless of what course it chooses, the agency is under a duty not to delay unreasonably in making that choice"); *Northern States Power*, 128 F.3d at 760 ("Given DOE"s repeated attempts to excuse its delay ... we find it appropriate to issue a writ of mandamus ...."); *Liu*, 509 F. Supp. 2d at 9-10 (holding that the APA requires the government to act within a reasonable period of time). The Plaintiff has already waited more than 3 years for adjudication of his pending I-485 application, well beyond the agency's own published processing timeframe for such applications. This is an unacceptable and unreasonable delay.

28. The Plaintiff is entitled to action on his long-pending adjustment of status application, because an unreasonable amount of time has passed since his application was filed. Defendants have failed to carry out the adjudicative and administrative functions delegated to them by law, to the ongoing harm and prejudice of the Plaintiff.

29. Defendants" delay is without justification and has forced the Plaintiff to resort to this Court for relief, and the Plaintiff is entitled to attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(2).

## IX. PRAYER

WHEREFORE, the Plaintiff prays that this Court:

1. Compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's I-485 Application to Adjust Status without further delay;

2. Grant attorney's fees and costs of court to the Plaintiff under the Equal Access to Justice Act ("EAJA");

3. Grant such other and further relief as this Court deems proper.

Respectfully submitted this 21 day of April 2017.

By: ______________________

Walter Stratton Bagg, Esq.
Florida Bar No. 106271
5052 West Colonial Drive,
ORLANDO, FL 32808
Tel.: (407)930-8082
Fax: (407)569-4123
E-Mail: walterb@thewsblawfirm.com
jennyliulaw@yahoo.com

*Attorney for Petitioner*

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was mailed to the person listed below on April ______, 2017.

DAVID L. ROARK, Director
U.S. Citizenship and Immigration
Services Texas Service Center
P.O. Box 851488 – Dept. A
Mesquite, TX 75185

Respectfully submitted,

By:______________________

Walter Stratton Bagg, Esq.
Florida Bar No. 106271
5052 West Colonial Drive,
ORLANDO, FL 32808
Tel.: (407)930-8082
Fax: (407)569-4123
E-Mail: walterb@thewsblawfirm.com
jennyliulaw@yahoo.com

*Attorney for Petitioner*

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was mailed to the person listed below on April ______, 2017.

JOHN F. KELLY, Secretary
U.S. Department of Homeland Security
245 Murray Lane, S.W.
Washington, DC 20528

Respectfully submitted,

By:______________________

Walter Stratton Bagg, Esq.
Florida Bar No. 106271
5052 West Colonial Drive,
ORLANDO, FL 32808
Tel.: (407)930-8082
Fax: (407)569-4123
E-Mail: walterb@thewsblawfirm.com
jennyliulaw@yahoo.com

*Attorney for Petitioner*

**CERTIFICATE OF SERVICE**

I certify that a copy of this document was mailed to the person listed below on April ______, 2017.

LORI SCIALABBA, Director, U.S.
Citizenship and Immigration Services
20 Massachusetts Avenue, N.W.
Washington, DC 20529

Respectfully submitted,

By: ______________________

Walter Stratton Bagg, Esq.
Florida Bar No. 106271
5052 West Colonial Drive,
ORLANDO, FL 32808
Tel.: (407)930-8082
Fax: (407)569-4123
E-Mail: walterb@thewsblawfirm.com
jennyliulaw@yahoo.com

*Attorney for Petitioner*